**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52553**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 30, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEFFREY LAMAR ALLISON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph W. Borton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of three years, for burglary, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jeffrey Lamar Allison pleaded guilty to burglary, Idaho Code § 18-1401. In exchange for his guilty plea, an additional charge was dismissed including an allegation that he is a persistent violator. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of three years, and ordered the sentence to run consecutively to the sentence in a separate case. After a period of retained jurisdiction, the district court suspended the sentence and placed Allison on probation. Subsequently, Allison admitted to violating the probation and the district court continued Allison on probation. Thereafter, because probation was revoked in the separate case, Allison filed a motion requesting the district court revoke probation in this case.

1

The district court granted Allison's motion, revoked probation, and executed the underlying sentence. Allison appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Allison's judgment of conviction and sentence are affirmed.